# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

March 1, 2023

*Via CM/ECF*
Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

    Re:    Supplemental Authority Under Fed. R. App. P. 28(j)
              *United States v. Keyon Paylor*, Case No. 19-7861

Dear Ms. Connor:

      This case presents Petitioner-Appellant Keyon Paylor's timely appeal of his 2018 motion under 28 U.S.C. § 2255 to vacate his 2015 guilty plea and resultant conviction for unlawful possession of a firearm and ammunition by a felon. JA 115. The appeal in this matter was fully briefed in December 2020 and argued orally in March 2021. Since that time, this Court has issued new authority relevant to the issues on appeal as detailed herein.

      Specifically, this appeal argues that Mr. Paylor should be permitted to withdraw his guilty plea or, at a bare minimum, be granted an evidentiary hearing to prove that he is entitled to withdraw his plea. Regarding that alternative claim, since the oral argument in the case, the Court has reiterated that where "the record does not 'conclusively' foreclose a finding" in support of the petitioner's claim, the Court was required to vacate the district court's dismissal and remand for an evidentiary hearing under § 2255(b). *United States v. Mayhew*, 995 F.3d 171, 177 (4th Cir. 2021).

      This Court noted in *Mayhew* that the government had the standard "precisely backwards" in asserting that the petitioner had to prove his unrefuted claim to be entitled to an evidentiary hearing. *See id*. at 178 ("As we have noted, Mayhew is entitled to an evidentiary hearing on his claim unless the record 'conclusively show[s]' that he did *not* receive the misinformation in question. *See* 28 U.S.C. § 2255(b). The government offered no evidence, in its response to Mayhew's petition, contradicting Mayhew's account. And we cannot say that this record, construed in the light most favorable to Mayhew, [cite], 'conclusively' rebuts Mayhew's allegation."). The same result is warranted here, where Petitioner's unrefuted claims likewise demonstrate his entitlement to at least an evidentiary hearing. *See* Opening Br. at Argument IV; Reply Br. at Argument III.

      Accordingly, Appellant respectfully asks this Court to consider *Mayhew* as additional authority in support of his appeal.

Respectfully submitted,

/s/ Debra Loevy

Debra Loevy
Attorney for Petitioner-Appellant Keyon Paylor